IN THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN KUIVILA<br>6987 Village Way Drive<br>Hiram, Ohio 44234,<br><br>        Plaintiff,<br><br>vs.<br><br><br>CITY OF NEWTON FALLS<br>19 North Canal Street<br>Newton Falls, Ohio 44444,<br><br>        and<br><br>MARY ANN JOHNSON<br>c/o 19 North Canal Street<br>Newton Falls, Ohio 44444,<br><br>        and<br><br>RICHARD MONTEVILLE<br>c/o 19 North Canal Street<br>Newton Falls, Ohio 44444,<br><br>        and<br><br>NANCY HOFFMAN<br>c/o 19 North Canal Street<br>Newton Falls, Ohio 44444,<br><br>        and | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE<br><br><br><br>**COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |

| | |
|---|---|
| PHILIP BEERS | ) |
| c/o 19 North Canal Street | ) |
| Newton Falls, Ohio 44444, | ) |
| | ) |
| and | ) |
| | ) |
| LUONNON ISSUU | ) |
| c/o 19 North Canal Street | ) |
| Newton Falls, Ohio 44444, | ) |
| | ) |
| and | ) |
| | ) |
| RICHARD ZAMECNIK | ) |
| c/o 19 North Canal Street | ) |
| Newton Falls, Ohio 44444, | ) |
| | ) |
| and | ) |
| | ) |
| JACK HANEY | ) |
| c/o 19 North Canal Street | ) |
| Newton Falls, Ohio 44444, | ) |
| | ) |
| and | ) |
| | ) |
| PAT LAYSHOCK | ) |
| c/o 19 North Canal Street | ) |
| Newton Falls, Ohio 44444, | ) |
| | ) |
| and | ) |
| | ) |
| JOHN DOE NO. 1 | ) |
| c/o 19 North Canal Street | ) |
| Newton Falls, Ohio 44444, | ) |
| | ) |
| and | ) |
| | ) |
| JANE DOE NO. 1 | ) |
| c/o 19 North Canal Street | ) |
| Newton Falls, Ohio 44444, | ) |
| | ) |
| Defendants. | ) |

Plaintiff John Kuivila, by and through his undersigned counsel, for his Complaint against

2

Defendants states as follows:

## JURISDICTION

1. This action arises pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*  This action is also brought pursuant to 42 U.S.C. § 1983.

2. The jurisdiction of this Court is predicated on 28 U.S.C. §§ 1343 and 1331, 29 U.S.C. §§ 621, *et seq*. and 42 U.S.C. §§ 2000e *et seq.*

3. Venue is appropriate in this Court under 28 U.S.C. § 1391(b), and the claims herein arise in Trumbull County, Ohio.

## PARTIES

4. Plaintiff John Kuivila was at all times relevant to the allegations raised in this Complaint a resident of the State of Ohio, and a citizen of the United States.  At all times relevant hereto, Plaintiff was employed by Defendant City of Newton Falls' Police Department as its Chief of Police, located in the City of Newton Falls, Trumbull County, Ohio.  Plaintiff is an employee as defined by Title VII.

5. Defendant City of Newton Falls (hereinafter "City") is political subdivision located in Trumbull County, Ohio.  Defendant City is an employer as defined by Title VII, and at all times relevant it employed Plaintiff and the other Defendants named in this Complaint.

6. At all times relevant hereto, Defendant Marianne Johnson (hereinafter "Johnson") was elected and employed by Defendant City as a council member and, in such position, this Defendant had supervisory authority over Plaintiff, and she was directly involved in adverse employment action taken against Plaintiff.  Plaintiff sues Defendant Johnson in her official and individual capacities.

7. At all times relevant hereto, Defendant Richard Monteville (hereinafter "Monteville")

was elected and employed by Defendant City as a council member and, in such position, this Defendant had supervisory authority over Plaintiff, and he was directly involved in adverse employment action taken against Plaintiff.  Plaintiff sues Defendant Monteville in his official and individual capacities.

8.  At all times relevant hereto, Defendant Nancy Hoffman (hereinafter "Hoffman") was elected and employed by Defendant City as a council member and, in such position, this Defendant had supervisory authority over Plaintiff, and she was directly involved in adverse employment action taken against Plaintiff.  Plaintiff sues Defendant Hoffman in her official and individual capacities.

9.  At all times relevant hereto, Defendant Philip Beers (hereinafter "Beers") was elected and employed by Defendant City as a council member and, in such position, this Defendant had supervisory authority over Plaintiff, and he was directly involved in adverse employment action taken against Plaintiff.  Plaintiff sues Defendant Beers in his official and individual capacities.

10.  At all times relevant hereto, Defendant Luonnon Issuu (hereinafter "Issuu") was elected and employed by Defendant City as a council member and, in such position, this Defendant had supervisory authority over Plaintiff, and he was directly involved in adverse employment action taken against Plaintiff.  Plaintiff sues Defendant Zamecnik in his official and individual capacities.

11.  At all times relevant hereto, Defendant Richard Zamecnik (hereinafter "Zamecnik") was elected and employed by Defendant City a as council member and, in such position, this Defendant had supervisory authority over Plaintiff, and he was directly involved in adverse employment action taken against Plaintiff.  Plaintiff sues Defendant Zamecnik in his official and individual capacities.

12. Defendants Johnson, Monteville, Hoffman, Beers, Zamecnik, and Issuu will be collectively referred to herein as "Council Defendants."

13. At all times relevant hereto, Defendant Jack Haney was employed by Defendant City as its Manager and, in such position, this Defendant (hereinafter "Haney") had supervisory authority over Plaintiff, and was directly involved in adverse employment action taken against Plaintiff. This Defendant also had supervisory authority over the Council Defendants. Plaintiff sues Defendant Haney in his official and individual capacities.

14. Defendant Pat Layshock was elected and employed as the Mayor of the Defendant City from the beginning of Plaintiff's employment with the City until he was recalled by a vote of the residents of the City in November 2010. In such position, this Defendant (hereinafter "Layshock") had supervisory authority over Plaintiff, and he was directly involved in adverse employment action taken against Plaintiff. Plaintiff believes this Defendant also had supervisory authority over the Council Defendants. Plaintiff sues Defendant Layschock in his official and individual capacities.

15. Defendants John Doe No. 1 and Jane Doe No. 1 were employed by the Defendant City are individuals unknown to Plaintiff or individuals whose conduct in retaliation against Plaintiff is unknown at this time. Plaintiff sues these individuals in their official and individual capacities.

**ADMINISTRATIVE PROCEDURE**

16. Prior to filing this action, Plaintiff filed a complaint concerning the claims raised herein, which pertain to title VII, with the United States Equal Employment Opportunity Commission (hereinafter "EEOC").

17. On June 5, 2014, Plaintiff received a right to sue letter from the EEOC that provided

him with notice of his right to sue within 90 days of his receipt of the notice.

18.  Plaintiff has sufficiently exhausted all administrative remedies and requirements, for the purposes of Title VII, before filing this action.

## FACTUAL ALLEGATIONS

19.  Plaintiff incorporates the allegations raised above herein by reference.

20.  Plaintiff began his employment with Defendant City as the Chief of its Police Department in October 2008.  Plaintiff was employed by Defendants through an Employment Agreement.  The Employment Agreement in effect for the matters raised in this Complaint was effective on September 21, 2009, and a copy of this Agreement is attached hereto.

21. Plaintiff's duties as a the Chief of Police included the requirement that he conduct an investigation of the Defendant City's Mayor Layschock corruption charges.  Plaintiff's investigation resulted in the conviction of Defendant Layschock of Ohio Ethics violations by the Ohio Ethics Commission in or about October 2012.

22. As a continuing course of conduct, since Plaintiff's initial investigation of the Defendant Layschock, Plaintiff incurred hostility and harassment from several of the City's council members who function as his employer.  Specifically, several of the Council Defendants were politically or otherwise closely linked to Mayor Defendant Layshock, and Plaintiff's investigation and resulting conviction against the Mayor produced significant retaliatory animus by the Council Defendants against Plaintiff.

23. In or about November 2009, Plaintiff was sexually harassed by Defendant Johnson.  Specifically, Defendant Johnson informed Plaintiff that she wanted to see his penis and feel "his balls."  She would also verbally compliment Plaintiff's rear while he was at work.  Defendant Johnson began to make statements in public that she wanted to "fuck" Plaintiff.  Plaintiff asked

her stop engaging in such conduct, but she continued and outrageously proceeded to actually grab Plaintiff's penis through his pants after a City council meeting. Plaintiff complained to Defendant Haney in November 2009, after which he was subject to hostility and retaliation in the workplace by Defendants Johnson, Layschock, Issuu, and the other Council Defendants directly as a result of his complaint.

24. In May 2010, Plaintiff filed a charge of discrimination with the EEOC from this incident of sexual harassment from Defendant Johnson, which alleged the sexual harassment by Defendant Johnson created a hostile environment. Toward the end of 2010, Plaintiff's charge of discrimination resulted in a finding of cause by the EEOC. Plaintiff decided not to pursue the claim further in an effort to work effectively with the City as its Chief of Police. This EEOC charge will be referred to herein as "EEOC 2010 Charge."

25. Plaintiff reported and complained about this sexual harassment and conduct of Defendant Johnson to the Defendants and with the EEOC 2010 Charge as a matter of public concern.

26. At no time after Plaintiff reported and complained about the sexual harassment and conduct of Defendant Johnson to Defendants and through the EEOC 2010 Charge, did Defendants engage in any meaningful investigation or take any remedial measures, prompt or otherwise, to address Plaintiff's complaint.

27. As a continuing course of conduct, since Plaintiff complained to Defendant Haney and others, brought his EEOC 2010 Charge, and after cause of discrimination was found by the EEOC, he experienced continued hostility and retaliation from Defendants, which occurred up to his wrongful termination on February 12, 2013. Said action by Defendants includes, but is not limited to, the promotion and condoning of false accusations against Plaintiff, and ridicule by the

Council Defendants against Plaintiff for filing the charge of discrimination/sexual harassment against Defendant Johnson.

28. On February 12, 2013, the Council Defendants in an emergency meeting held an illegal executive session and voted to terminate Plaintiff under Section 11(A) of the Employment Agreement.  This act by the Council Defendants to terminate Plaintiff is void as it occurred at an executive session during an emergency meeting in violation of Ohio law.  This action to terminate Plaintiff was further not authorized under Plaintiff's Employment Agreement because such act could only have been done through a majority vote of counsel at a duly authorized public meeting, not in an illegal executive session conducted in an emergency meeting.

29. The actions of the Council Defendants to terminate Plaintiff in such a manner further demonstrates the hostile and retaliatory animus against Plaintiff, and that their adverse employment action against Plaintiff was done in retaliation against him.  Such action by Defendants was not conducted according to law, procedure, and due process.

30.  The action by the Council Defendants to terminate Plaintiff was condoned, supported, and/or promoted by Defendant Haney.  Defendant Haney further acted and/or failed to act, which promoted the hostile and retaliatory animus against Plaintiff.

31.  The action by the Council Defendants to terminate Plaintiff was also condoned, supported, and/or promoted by Defendant Layschock.  Defendant Layschock specifically acted in direct retaliation toward Plaintiff after his EEOC 2010 Charge and threatened Plaintiff's job on multiple occasions.  Even after Layschock was recalled, his threats to Plaintiff continued and he informed Plaintiff that the Defendant City was his town and that he would get Plaintiff.  Layshock's conduct furthered the hostile and retaliatory animus against Plaintiff.

32.  The action of Defendants to terminate Plaintiff constituted an adverse employment

action that was taken against him in retaliation for his protected speech, association and activities as alleged herein including, but not limited to, his complaint and report of the sexual harassment against him by Defendant Johnson.

33. The action of Defendants to terminate Plaintiff further constituted an adverse employment action taken against him in retaliation for his conduct as the Chief of Police for the City of Newton Falls, Ohio as alleged herein including, but not limited to, the investigation of the Defendant City's Mayor on corruption charges.

34. On information and belief, the conduct of Defendants in retaliating against Plaintiff with an adverse employment action and in not adhering to proper and lawful procedure in instituting such adverse employment action is consistent with an institutionalized, widespread practice, policy, or custom of the City of Newton Falls.  These practices, policies, and/or customs were known and ratified, or should have been known by Defendants.  This allegation and/or other factual contentions are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

35. On information and belief, Defendants City, Haney, and/or others at no time took any effective action and/or were deliberately indifferent in preventing the conduct of the Council Defendants as described herein.  This allegation and/or other factual contentions are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

36. On information and belief, Defendant City failed to adequately train and/or supervise the other Defendants in the exercise of their functions including, but not limited to, the law of free speech, expression, and association, retaliation, and due process.  Said failure to train by Defendant City was malicious, reckless, and/or was done with a deliberate indifference as to the rights of Plaintiff.  This allegation and/or other factual contentions are likely to have evidentiary

support after a reasonable opportunity for further investigation and discovery.

37. On information and belief, Defendant City failed to adopt a policy or practice through its city manager, council, and/or others in preventing its personnel from engaging in the conduct alleged herein. This allegation and/or other factual contentions are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## COUNT ONE

### (Retaliation – Title VII)

38. Plaintiff incorporates the allegations raised above herein by reference.

39. Plaintiff engaged in protected activity when he complained about the sexual harassment to the Defendant City and in his EEOC 2010 charge. Plaintiff also engaged in protected activity as a part of the performance of his job through the investigation of the Defendant Layschock.

40. After such protected activity by Plaintiff, he faced retaliation through increased hostility and animus by Defendants toward him at work, which resulted in the vote by Defendants to terminate him on February 12, 2013. Said conduct constitutes retaliation against Plaintiff in violation 42 U.S.C. §2000e-3.

41. As a direct and proximate result of Defendant City's retaliation, Plaintiff has been damaged and is entitled to monetary relief.

42. As a further direct and proximate result of Defendant's conduct, Plaintiff incurred severe economic damages (including, but not limited to loss of income and other benefits), pain and suffering, humiliation, damage to his reputation, severe emotional distress, and the loss of enjoyment of life.

43. Plaintiff has been compelled to employ counsel to represent her in this matter and is

entitled to recovery reasonable attorney fees.

## COUNT TWO

### (First Amendment Retaliation – Section 1983)

44. Plaintiff incorporates the allegations raised above herein by reference.

45. Defendants' conduct of retaliating against Plaintiff as alleged herein is outrageous, shocks the conscience, and violated Plaintiff's clearly established due process rights. Defendants' conduct was in retaliation for Plaintiff's exercise of his legitimate and protected First Amendment right including, but not limited to, Plaintiff's conduct in reporting, complaining, and in exposing the sexual harassment of Defendant Johnson as a matter of public concern.

46. The above alleged actions and omissions, engaged in under color of law and authority by Defendants proximately caused the deprivation of Plaintiff's rights secured to him by the Constitution of the United States including, but not limited to, his First Amendment rights of free speech, free expression, free association, and due process and equal protection of the laws, protected by the First and Fourteenth Amendments of the United States Constitution. Said conduct constitutes a conspiracy by Defendants to deprive Plaintiff of said Constitutional and civil rights, which was furthered by Defendants' termination of Plaintiff in an executive session conducted illegally under Ohio law.

47. The conduct of Defendants as alleged herein was conduct which reasonable individuals would have known to be in violation of Plaintiff's clearly established Constitutional rights.

48. As a result of the above alleged conduct, Plaintiff sustained deprivations to his civil rights, has suffered and will continue to suffer from the loss of his rights of speech, expression,

11

and association.  Plaintiff has further sustained the loss of income, benefits, and reputation in the community along with mental distress with physical manifestations, humiliation, embarrassment, and defamation of his character for which Plaintiff is entitled to monetary relief.

49.  Plaintiff has been compelled to employ the undersigned attorney to represent him in this matter and is entitled to recover reasonable attorneys fees.

WHEREFORE, Plaintiff John Kuivila demands Judgment against Defendant City on Count One under Title VII and/or other applicable law in an amount that will fully, fairly, and completely compensate him pursuant to the laws of the United States and the State of Ohio, for the costs in this action herein together with prejudgment interest, reasonable attorney's fees, and a fair and adequate sum for punitive damages, and other relief as the Court deems just.

Plaintiff further demands Judgment against all Defendants, jointly and severally, on Count Two under Section 1983 in an amount that will fully, fairly, and completely compensate him pursuant to the laws of the United States and the State of Ohio, for the costs in this action herein together with prejudgment interest, reasonable attorney's fees, and a fair and adequate sum for punitive damages, and other relief as the Court deems just.

Respectfully submitted,

/s/ David Glenn Phillips
DAVID GLENN PHILLIPS {0046827}
3912 Prospect Avenue, East
Cleveland, Ohio  44115
(216) 531-0123
fax:  (216) 531-3247
Email:  d.g.phillips@sbcglobal.net (for service)
civilrightslaw@sbcglobal.net

/s/ Kimberly Kendall
KIMBERLY KENDALL {0089866}
4403 St. Clair Avenue
Cleveland, Ohio 44103
(216) 282-5465
fax: (216) 881-3928
Email: thekimberlykenall@gmail.com

Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff hereby demands a trial by jury in this case by the applicable amount of jurors allowed by law.

/s/ David Glenn Phillips
DAVID GLENN PHILLIPS